The ESTATE of Marie Felicia IODICE, by Andrea Marie Iodice, as Administratrix, Andrea Marie Iodice and Lorraine Cassese, Plaintiffs,

v.

GIMBELS, INC. et al., Defendants.

No. 76 C 219.

United States District Court, E. D. New York.

July 8, 1976.

Conroy, Giorgio, dePoto & Merritt, Syosset, N. Y., for plaintiffs by Robert M. dePoto, Syosset, N. Y.

Zepnick & Director, P. C., New York City, for defendants by Herbert Minster, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs brought this action under the Civil Rights Act, 42 U.S.C. § 1983, seeking compensatory and punitive damages, against Gimbels, Inc., a department store, and three of its security employees.[1] They claim that the individual defendants, acting on the wrongful assumption that plaintiffs were in the act of shoplifting, detained, searched and physically injured plaintiffs, and caused their arrest, all in violation of their rights under the fourteenth amendment. The experience allegedly resulted in the stroke and death of one of the persons detained, and the action is brought on behalf of her estate, as well as by her daughter individually.

Defendants now move to dismiss the complaint for lack of subject matter jurisdiction on the grounds that defendants did not act under color of State law. Their motion is granted.

In order to prevail under 42 U.S.C. § 1983 plaintiffs must satisfy two elements:

"First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of

---

1. Jurisdiction is said to be conferred under 28 U.S.C. § 1343. All parties being residents of New York, there is no diversity jurisdiction under 28 U.S.C. § 1332.

the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'" *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

The test of "under color" of law can rarely be satisfied in the case of one other than a government official. *Jobson v. Henne,* 355 F.2d 129, 133 (2 Cir. 1966). Since defendants are private individuals and a corporation, plaintiffs contend that the requisite State action is found in a New York statute, General Business Law § 218. That statute confers upon a merchant and its employees sued for false arrest, false imprisonment and the like by a person who was detained for purpose of investigation as to ownership of merchandise, a defense that the detention was made in a "reasonable manner" and for a "reasonable time," and that there were "reasonable grounds to believe" that the offense was being committed.

█ The statute relied on is not sufficient to bridge the gap between private and State action. Security employees are not thereby made State officers nor are they granted the authority to detain suspected shoplifters. Rather, the statute permits the assertion of a defense to certain causes of action founded upon State law. This "shopkeepers' privilege" is insufficient to transform defendants' conduct into acts under color of State law and to vest a federal court with jurisdiction over the subject matter. See *Battle v. Dayton-Hudson Corp.,* 399 F.Supp. 900 (D.Minn.1975); *Weyandt v. Mason's Stores, Inc.,* 279 F.Supp. 283 (W.D.Pa.1968).[2]

█ Plaintiffs have failed to allege concerted activity with State officials which might make the security officers liable if they had been "willful participant[s] in joint activity with the State or its agents," *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). With respect to defendant Gimbels, the action is also dismissed on the ground that vicarious liability may not be imposed under § 1983. *Draeger v. Grand Central, Inc.,* 504 F.2d 142 (10 Cir. 1974).

Accordingly, defendants' motion to dismiss the complaint is granted.

SO ORDERED.

---

2. *DeCarlo v. Joseph Horne & Co.,* 251 F.Supp. 935 (W.D.Pa.1966), is not to the contrary. There the district court held that a State stat-

ute granted a store detective authority to make a legal arrest, not present at common law.