Bonny NEWMAN, Plaintiff,

v.

BLOOMINGDALE'S and Diane Frugis, Defendants.

No. 80 Civ. 3238.

United States District Court,
S. D. New York.

July 26, 1982.

**1030**

Kaminsky & Breitbart, Hartsdale, N. Y., for plaintiff; Arnold I. Bernstein, Hartsdale, N. Y., of counsel.

Semel, McLaughlin & Boeckmann, New York City, for defendants; Louis J. Schepp, New York City, of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiff Bonny Newman commenced this action under the Constitution of the United States and the federal civil rights laws seeking damages from defendants Bloomingdale's and its alleged employee, Diane Frugis, for depriving plaintiff of certain constitutional rights. Defendants move to dismiss the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

The factual allegations in the complaint, which for purposes of this motion must be taken as true, *e.g., Scheuer v. Rhodes,* 416 U.S. 232, 237, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), are as follows. In September

1978, plaintiff was shopping in the Bloomingdale's store in White Plains, New York. She was stopped by defendant Frugis, a store security guard, and taken to the store security area. There, plaintiff was compelled to remove the brassiere she was wearing and was accused of having stolen the bra from the store. Plaintiff denied the charge and pointed out that the garment bore no price tags or other identification indicating that it had come from Bloomingdale's. Frugis then told her that she would have to sign a confession and be photographed before the store would release her. She refused and was informed that, pursuant to store policy, she would be turned over to the local police for arrest. White Plains police presently placed plaintiff under arrest, took her into custody, and caused her to be photographed, fingerprinted, and "strip-searched." After her arraignment, she posted bond and was released. The charges were dismissed approximately six months later.

■ In essence,[1] plaintiff alleges that the conduct of defendants Bloomingdale's and Frugis deprived her of liberty without due process of law, thereby giving rise to a cause of action under 42 U.S.C. § 1983, the Civil Rights Act of 1871.[2] In order to state a claim under § 1983, plaintiff must allege two primary elements. She must allege (1) that defendants have deprived her of a right secured by the Constitution of the United States; and (2) that defendants deprived her of this right under color of state law, which can include local custom or usage. *E.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

In attempting to satisfy these pleading requirements, plaintiff contends in counts

---

1. Plaintiff's complaint also alleges claims arising under the Civil Rights Act of 1861 and 1871, 42 U.S.C. §§ 1985, 1986, over which jurisdiction is predicated on 28 U.S.C. § 1331. In her papers in opposition to this motion, plaintiff consents to the dismissal of those claims. Accordingly, insofar as plaintiff's complaint sought to assert claims under §§ 1985 and 1986 of Title 42, those claims are dismissed.

2. Section 1983, the Civil Rights Act of 1871, recites, in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights.... secured by the Constitution ..., shall be liable to the party injured in an action at law, ....

one through three of her complaint that she was deprived of her constitutional right to liberty when defendants detained her without probable cause to believe that she had committed the crime of shoplifting. This allegation satisfies the first requirement above. *E.g., Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ In support of her allegation that this violation of her constitutional rights occurred under color of state law, the second element of a § 1983 claim, plaintiff asserts two alternative theories. In counts one and two of her complaint, plaintiff alleges that defendants acted under color of § 218 of the New York General Business Law.³ Section 218 of the business law confers upon merchants and their employees a defense to a suit for, *inter alia,* false arrest by a person detained in the course of a shoplifting investigation, if the detention was effected "reasonably" and there were "reasonable grounds to believe" that an offense had been committed. This statute merely gives rise to a kind of good faith defense to shopkeepers who act reasonably in attempting to thwart shoplifters at work in the shopkeepers' stores. It does not transform tortious conduct by a private merchant into an action undertaken by the state or under color of law. *Estate of Iodice v. Gimbels, Inc.,* 416 F.Supp. 1054 (E.D.N.Y.1976). Because they lack a legally sufficient allegation that the alleged constitutional violation occurred under color of law, counts one and two of the complaint must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1343(3).

■ Plaintiff employs a different theory in counts three and four of her complaint. In count three she alleges that she was detained pursuant to a plan and custom between defendant Bloomingdale's⁴ and the White Plains police whereby the police, relying on statements of store personnel and without establishing probable cause to arrest, agreed to arrest and book any individual whom Bloomingdale's detained and charged with shoplifting, pending the filing of a formal complaint by Bloomingdale's. Plaintiff contends that, by acting with the police pursuant to this plan or custom, Bloomingdale's, although a private entity, acted under color of state law. While there is support for this position in decisions of the Court of Appeals for the Fifth Circuit,⁵ which appear to stem from *Adickes v. S.H. Kress & Co., supra,* and its core of racial discrimination, I am not persuaded that such a rule is factually applicable to a case with no racial overtones. This distinction was recognized and delineated in an opinion by Judge Gee in dissent in *Smith v. Brookshire Bros., Inc., supra,* 519 F.2d at 97, as follows:

> Whatever approach we might take were this a case involving racial discrimination, our task here, as noted in other state-action cases untouched by racial overtones, is to weigh carefully all factors and apply as precisely as we are able the state-action doctrine. *See Greco v. Orange Memorial Hospital Corp.,* 513 F.2d 873 (5th Cir. 1975); *James v. Pinnix* [5 Cir.], *supra* [495 F.2d 206] at 209. Having done so, I would conclude that the statute

**3.** Section 218 of the General Business Law reads, in pertinent part:

In any action for false arrest, false imprisonment, unlawful detention, defamation of character, assault, trespass, or invasion of civil rights, brought by any person by reason of having been detained on or in the immediate vicinity of the premises of a retail mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer acting pursuant to his special duties, police

officer or by the owner of the retail mercantile establishment, his authorized employee or agent, and that such officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny on such premises of such merchandise.

**4.** Defendant Frugis is not named in count three of the complaint.

**5.** *Duriso v. K–Mart,* 559 F.2d 1274 (1977); *Smith v. Brookshire Bros., Inc.,* 519 F.2d 93 (1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976).

does not clothe the merchant with sufficient indicia of state function to make his action state action.

Alternatively, the appellees point to the concerted actions of private individuals and public officials which can in some circumstances constitute state action. *See United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152 [1156], 16 L.Ed.2d 267 (1966); *Adickes v. Kress & Co., supra.* Pertinent to this issue, the trial court found that company officials had devised a plan to confine shoplifters in the store while police were called to make the arrest. Further, the police then arrested those held without prior filing of a complaint or investigation "all of which was pursuant to said preconceived plan." More than 300 persons were apprehended over a period of several months.

I think the trial court's finding, affirmed by the majority, was clearly erroneous. The testimony does show that Brookshire Brothers had devised a plan to catch shoplifters. That plan was permitted under Article 1436e, which I think for the reasons stated above was insufficient to show state action, and was doubtless a reasonable measure in the face of serious losses from shoplifting. The police, as is their duty, responded to reports of lawbreaking. On the evidence, this is the "pre-arranged plan." There is nothing in the record to show that the police were influenced in their choice of procedures by Sandel or Nevill as implied by the trial court's finding or that they had any control over what procedures the police followed. I do not think that the fact that the police picked up many shoplifters detained by Brookshire Brothers changes the result; there is still nothing to show that the police proceeded according to the wishes of Brookshire Brothers, or any other merchant, or that they would have acted differently in response to reports of other sorts of crimes. The vision of a citizen's hesitating to call for police assistance in fear they may, when they arrive, employ some unconstitutional procedure over which he has no control and thus render him liable in a § 1983 action is not an attractive one. I would decline to give it form. A procedure unilaterally devised by the police to take shoplifters into custody if called on amounts to no more than what police do always and everywhere and does not suffice to show state action in this suit against private parties under § 1983.

I can add only that while one can envision a situation, repugnant though it is, in which police conspire with a store owner or lunch counter-operator to deprive a member of a minority of access, one is hard put to envision a conspiracy by police with a store owner to harass an innocent shopper.

Given the foregoing analysis, I conclude that the police, by arresting and detaining an individual accused of shoplifting solely on the oral complaint of store personnel and pending the filing of a formal complaint, does not allege facts sufficient to make the store's conduct the "state action" which is essential to state a claim under 42 U.S.C. § 1983.

■ In count four plaintiff charges that, pursuant to the alleged plan between Bloomingdale's and the police, defendants Bloomingdale's and Frugis maintained custody of allegedly stolen merchandise seized from suspected shoplifters and that defendants "intentionally and/or negligently failed to preserve and safeguard said bra as evidence."[6] Plaintiff alleges, in essence, that she was deprived of her liberty without due process of law by the absence of the only real evidence she could use to disprove the charges against her.[7] This count, realleging the arrangement between Bloomingdale's and the police, again charges Bloomingdale's with a violation of plaintiff's civil rights while acting under color of state law. It must fall, however, for the reasons set

---

**6.** From the alternative pleading employed, it is clear that consistent with Fed.R.Civ.P. 11, plaintiff is prepared to prove no more than the mere loss of the subject bra.

**7.** The other possibility, of course, is that the prosecution was deprived of the only evidence to prove plaintiff was a shoplifter and was consequently forced to drop the charges.

forth as to count three, above. Concluding as I do that any action by Bloomingdale's was not state action, count four necessarily falls as to an employee of Bloomingdale's. In addition, count four fails to allege that defendant Frugis acted under color of law. The complaint alleges that only Bloomingdale's acted pursuant to a plan with the police that store personnel would preserve seized evidence. Frugis is not alleged to have joined the agreement or even to have been "a willful participant in joint activity with the State or its agents," *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966); *Sanabria v. Village of Monticello*, 424 F.Supp. 402, 411 (S.D.N.Y.1976). Thus, count four must be dismissed as to both defendants.

Given the foregoing, defendants' motion to dismiss is granted, and plaintiff's complaint is dismissed.

So ordered.