Virgilio RIZZO, et al., Plaintiffs,

v.

HOST SERVICES OF NEW YORK, INC., et al., Defendants.

No. 81 C 1198.

United States District Court, E. D. New York.

Aug. 25, 1982.

Kunstler & Mason, New York City (William M. Kunstler and Mark B. Gombiner, New York City, of counsel), for plaintiffs.

Rogers & Wells, New York City (William R. Glendon and Guy C. Quinlan, New York City, of counsel), for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs, seven present or former employees of defendant Host Services of New

York, Inc. (Host), brought this civil rights action pursuant to 42 U.S.C. § 1983, claiming that defendants falsely imprisoned them. Plaintiffs also assert pendent state law claims for assault and battery, false imprisonment, intentional infliction of emotional distress, and invasion of privacy. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

According to the depositions of plaintiffs and defendants' answers to plaintiffs' interrogatories, the following occurred on the evening of December 14, 1980. At approximately 7:00 p. m. defendants Fred Christie, Charles Newman, and "John" Walker, representatives of Host, entered three bars at LaGuardia Airport operated by Host and closed the bars for a surprise audit. Plaintiffs, six bartenders and a waiter then working in the bars, were told to proceed to Host's management office in the building. They remained there for approximately four hours because they were told that their departure would be considered a resignation and because they wished to know the results of the audit. During this period the cash register tapes were audited, and plaintiffs were questioned about cash-handling irregularities at the bars. Some of the plaintiffs were told that criminal charges might be pressed and were threatened with jail.

At approximately 9:15 p. m. defendant Newman telephoned the Port Authority Police, and three police officers arrived shortly thereafter. The officers remained in the reception area, speaking briefly with Newman. Some of the plaintiffs felt that the officers' presence lent credence to defendants' threats of arrest and imprisonment. However, the officers neither touched the plaintiffs nor attempted to prevent them from leaving. Even when defendant Christie, referring to plaintiff Fung, told the officers, "He is under arrest, I want him," the officers did nothing (Fatizzi Dep. 19). Indeed, the officers did not even speak with any of the plaintiffs other than Rizzo and then only to protest that they were not involved with defendants' refusal to allow Rizzo to leave the office in order to make a telephone call.

At approximately 10:30 p. m. the Port Authority police officers told defendant Newman either to press charges or to allow plaintiffs to leave. The police officers then left without making any arrests. Shortly thereafter plaintiffs were told that they were suspended until further notice, and all of them departed.

The Fourteenth Amendment of the Constitution provides, in part, that no "state" shall "deprive any person of ... liberty" without due process of law. Section 1983 affords a remedy against every person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects any person to the deprivation of "any rights" secured by the Constitution and laws of the United States.

The "right" of which plaintiffs in this case say they were deprived is the right to "liberty" protected by the Fourteenth Amendment, that is, the right to be free from false imprisonment. That right, like other rights, is protected by the Fourteenth Amendment only against infringement by governments. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Therefore, plaintiffs in order to succeed, must establish that defendants' actions in allegedly holding plaintiffs were the actions of the "state." *Lugar v. Edmondson Oil Co.*, —— U.S. ——, ——, 102 S.Ct. 2744, 2752, 73 L.Ed.2d 482 (1982). This means that defendants' conduct must be "fairly attributable" to the state. *Id.* —— U.S. at ——, 102 S.Ct. at 2754. In order to show this plaintiffs must demonstrate not only that defendants exercised "some right or privilege created by the state" but also that they can fairly be said to be "state" actors because they "acted together with" or "obtained significant aid from state officials." *Id.*

Had defendants entered into a conspiracy with the police to hold plaintiffs against their will doubtless the "state action" requirement would be fulfilled. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dennis v. Sparks*,

449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). But plaintiffs have advanced no proof that the presence of the police was part of a preconceived plan in which they participated. So far as the record shows, they were wholly blameless and took no action to detain plaintiffs. We may assume, without deciding, that plaintiffs remained in the offices in part due to a concern that they might be arrested. But the mere response of a police officer to a citizen's call for assistance is not enough to transmogrify the citizen's action into that of the state. To satisfy the state action requirement plaintiffs would, as a minimum, have to prove that the police were knowingly involved in a plan to deprive plaintiffs of their rights. *Compare White v. Scrivner Corp.*, 594 F.2d 140 (5th Cir. 1979) with *Weisman v. Le Landais*, 532 F.2d 308 (2d Cir. 1976).

To the extent that the presence of the police tended to assist defendants' allegedly unlawful purposes that presence did not establish "state action" any more than does the provision by the state to a litigant of a "neutral" judicial forum. *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66 (2d Cir.), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1978); *Stevens v. Frick*, 372 F.2d 378 (2d Cir.), *cert. denied*, 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967); *see Dennis v. Sparks, supra* 449 U.S. at 28, 101 S.Ct. at 186.

Plaintiffs have their remedy in a state court for the alleged false imprisonment. The purpose of imposing private liability under § 1983 was not to bring into a federal court every tort claim with which state officials have some relationship no matter how attenuated. The objective was to discourage private participation in official lawlessness. *United States v. Price*, 383 U.S. 787, 795, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). That objective would not be served by permitting the maintenance of this suit in this court.

Defendants' motion for summary judgment is granted as to the § 1983 claim. The pendent state law claims are also dis-

missed. *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir. 1981).

So ordered.