Mary **MOHER**

v.

**STOP & SHOP COMPANIES, INC.**

**Civ. No. B-81-125 (PCD).**

United States District Court,
District of Connecticut.

Feb. 21, 1984.

Michael Moher, Law Offices of Daniel D. Skuret, Ansonia, Conn., for plaintiff.

Joseph A. Licari, Jr., Greenberg, Hurwitz & Licari, New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff, Mary Moher, commenced this action under the Constitution of the United States and the federal civil rights laws seeking damages from defendant, Stop & Shop, for acts of its employees alleged to have deprived plaintiff of certain constitutional rights. Under date of August 16, 1983, the defendant moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). As the motion is based essentially on jurisdictional grounds, it will be treated as a Rule 12(b)(1) motion to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted and the complaint dismissed.

The allegations in the complaint, which for purposes of this motion are taken as true, e.g., Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), are as follows. In March 1979, plaintiff was grocery shopping in defendant's Stratford, Connecticut, store. After her purchases were bagged and she had passed the checkout counter, she was approached and stopped by a store security guard on suspicion of theft. The guard took her to the office of the store manager for questioning. Some time thereafter, officers of the Stratford Police Department arrived and further detained and questioned her.

Plaintiff alleges that the conduct of the defendant supermarket and its agents and employees deprived her of liberty without due process of law, thus giving rise to a cause of action under 42 U.S.C. § 1983, the Civil Rights Act of 1871.

█ The plain terms of § 1983 require two allegations in order to state a cause of action under the statute. First, the plaintiff must allege that some person has deprived her of a federal right. Second, she must allege that the person who has deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–1733, 56 L.Ed.2d 185 (1975). Conduct that constitutes "state action" for purposes of the fourteenth amendment due process clause is also conduct "under color of law" for purposes of § 1983 actions. *Lugar v. Edmondson Oil Co.*, 457 U.S. 927, 928, 932, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982).

█ Plaintiff's allegations that she was deprived of her liberty without probable cause to believe she had shoplifted items from the store satisfies the first pleading requirement of § 1983. The instant motion addresses the second pleading requirement. Determination of whether conduct of a private institution constitutes "state action" can be "one of the more slippery and troublesome areas of civil rights litigation." *Grasek v. Maucer*, 582 F.2d 203, 204 (2d Cir.1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979); *see International Soc. for Krishna Consciousness v. Air Canada*, 727 F.2d 253 (2d Cir.1984).

In support of her allegation that this violation occurred under color of state law, plaintiff's theory would appear to be that defendant acted "under color of" Conn. Gen.Stat. § 53a–119a, which privileges a shopkeeper to stop and detain any person reasonably believed upon observation to be

committing or to have committed larceny on the premises.[1]

■ Such a claim has been repeatedly held to be jurisdictionally defective in a § 1983 action inasmuch as acting under such a statute "does not transform tortious conduct by a private merchant into an action undertaken by the state or under color of law." *Newman v. Bloomingdale's*, 543 F.Supp. 1029, 1031 (S.D.N.Y.1982) (dismissing for want of subject matter jurisdiction a claim purportedly brought for violation of § 218 of the New York General Business law codifying the shopkeeper's privilege). *See White v. Scrivner Corp.*, 594 F.2d 140 (5th Cir.1979) (affirming a defendant's verdict on similar grounds against claim that acts were undertaken under similar Louisiana statute); *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771 (5th Cir.1982) (affirming a directed verdict for defendant and following *White v. Scrivner*); *see also Iodice v. Gimbels*, 416 F.Supp. 1054 (E.D.N.Y.1976) (dismissing for lack of subject matter jurisdiction) wherein the court ruled:

> The statute relied on is not sufficient to bridge the gap between private and State action ... [the] 'shopkeepers' privilege' is insufficient to transform defendants' conduct into acts under color of State law and to vest a federal court with jurisdiction over the subject matter. *Id.* at 1055.

In *White*, 594 F.2d 140, applying the teachings of *Flagg Bros.*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185, to a matter similar to the instant case, the court rebuffed three arguments intended to satisfy the "color of law" requirement by noting: (1) A merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state, 594 F.2d at 142; (2) Absent some compulsion or some overt state involvement, no state action can be found because of the mere existence of the statute, which merely permits and does not mandate detention of suspected shoplifters, 594 F.2d at 143; and (3) The record was devoid of any evidence showing a plan or concert of action between the police and the defendant. Necessary before private action can be deemed to be under color of state law is "private use of the challenged state procedures with the help of state officials." *Lugar*, 457 U.S. at 933, 102 S.Ct. at 2752. The wrongdoer's conduct must be chargeable to the state or he must have "acted together with or ha[ve] obtained significant aid from state officials." *Id.* at 937, 102 S.Ct. at 2754. "Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'" *Id.* at 939, 102 S.Ct. at 2755. "[P]rivate misuse of a statute does not describe conduct that can be attributed to the State." *Id.* at 941, 102 S.Ct. at 2756.

In the absence of any hint in her complaint or her memorandum that defendant's acts were undertaken "under color of law," plaintiff has her remedy in a state court for the wrong allegedly done to her. As the

---

1. Connecticut Gen.Stat. § 53a–119a provides:
   Shoplifting; detention, questioning, presumption of crime
   (a) Any owner, authorized agent or authorized employee of a retail mercantile establishment, who observes any person concealing or attempting to conceal goods displayed for sale therein, or the ownership of such goods, or transporting such goods from such premises without payment therefor, may question such person as to his name and address and, if such owner, agent or employee has reasonable grounds to believe that the person so questioned was then attempting to commit or was *committing larceny of such goods on the* premises of such establishment, may detain such person for a time sufficient a [sic] summon a police officer to the premises. Any person so questioned by such owner, authorized agent or authorized employee pursuant to the provisions of this section shall promptly identify himself by name and address. No other information shall be required of such person until a police officer has taken him into custody. For the purposes of this subsection, 'reasonable grounds' shall include knowledge that a person has concealed unpurchased merchandise of such establishment while on the premises or has altered or removed identifying labels on such merchandise while on the premises or is leaving such premises with such unpurchased or concealed or altered merchandise in his possession.

court observed in *Rizzo v. Host Services of New York*, 545 F.Supp. 1193, 1195 (E.D.N.Y.1982):

> The purpose of imposing private liability under § 1983 was not to bring into a federal court every tort claim with which state officials have some relationship no matter how attenuated. The objective was to discourage private participation in official lawlessness. *U.S. v. Price*, 383 U.S. 787, 795 [86 S.Ct. 1152, 1157, 16 L.Ed.2d 267] (1966). That objective would not be served by permitting the maintenance of the suit in this court.

Defendant's motion to dismiss is granted. Any pendent state law claims are also dismissed. *McLearn v. Cower & Co.*, 660 F.2d 845, 848 (2d Cir.1981).

SO ORDERED.