**Eupha HURT, Plaintiff,**

v.

**G.C. MURPHY COMPANY, Defendant.**

**Civ. A. No. 84–2475.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 3, 1986.

Andrew Raptis, Jr., Charleston, W.Va., for plaintiff.

W.E. Mohler, Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

Pending is the Defendant's motion to dismiss filed December 11, 1985. Although the motion was filed beyond the period allowed in the Pretrial Procedures and Final Scheduling Order entered April 5, 1985, the Court determined at the pretrial conference conducted December 9, 1985, that there existed an issue as to whether federal question jurisdiction, the only jurisdiction asserted here, existed in this case. Because pressing this matter for trial without first determining the existence of this Court's jurisdiction to consider this action may result in the needless waste of the parties' and the Court's resources, the Court will consider the Defendant's motion.

The issue raised by the motion is whether detention by a private corporation under West Virginia's shoplifting statute involves constitutionally protected search and seizure which can be remedied under 42 U.S.C. § 1983.[1]

*W. Va. Code*, § 61–3A–4 provides:

"An act of shoplifting as defined herein, is hereby declared to constitute a breach of peace in any owner of merchandise, his agent or employee, or any law enforcement officer has reasonable ground to believe that a person has committed shoplifting, may detain such person in a reasonable manner and for a reasonable length of time not to exceed thirty minutes, for the purpose of investigating whether or not such person has committed or attempted to commit shoplifting. Such reasonable detention shall not constitute an arrest nor shall it render the owner of the merchandise, his agent or employee, liable to the person detained."

The Plaintiff was detained by the agents of the Defendant corporation for more than thirty minutes. The Plaintiff claims that her detention by Murphy Mart employees exceeded the time that was allowed by the statute and that the agents of the Defendant corporation would not release her unless she confessed to shoplifting and released them from any liability arising from the detention. Eupha Hurt now proceeds before this Court seeking to invoke 42 U.S.C. § 1983 and federal question jurisdiction. The Court notes further that this is the only claim and basis for jurisdiction raised by Hurt's complaint.[2]

42 U.S.C. § 1983 provides a mechanism for vindication of federally protected rights as determined under federal substantive law as opposed to making actionable ordinary state torts in federal court. *Tucker v. Duncan*, 499 F.2d 963, 965 n. 1 (4th Cir. 1974). *See also Paul v. Davis*, 424 U.S.

---

1. The Plaintiff alleges also that the Defendant required her to confess or continue to be held against her will. As the state action question would remain constant as between infringing the Plaintiff's right to remain silent and her right to be free from unreasonable search and seizure protected by the United States Constitution, the Court's analysis should be considered to apply as to both rights.

2. The Plaintiff bears the burden of establishing jurisdiction in her complaint. *Rule* 8(a)(1).

**514**

693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In sum, a claim under Section 1983 must allege (1) that the Defendant deprived the Plaintiff of a right secured by the Constitution or laws of the United States; and (2) that the Defendant is a person acting under color of state law.

 State action is present if conduct allegedly causing the deprivation of the federal right may be fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). A private Defendant acts under color of state law if "he is a willful participant in a joint action with a state or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). The mere fact the state regulates particular conduct does not imbue that conduct with state action. *Arlosoroff v. NCAA,* 746 F.2d 1019 (4th Cir.1984).

Several cases have considered whether detention by a merchant pursuant to shoplifting statutes constitutes state action by the merchants. In *Estate of Iodice v. Gimbels, Inc.,* 416 F.Supp. 1054 (E.D.N.Y.1976), the district court held that where the merchant had acted pursuant to a state shoplifting statute which was neutrally worded and which did not involve the use of state agents as to each particular detention did not constitute state action. Also, in *Thompson v. McCoy,* 425 F.Supp. 407 (D.S.C.1976), where the state licensed individuals who were authorized to make detentions, and which right was not conferred directly upon the merchant by virtue of his ownership of the goods, the district court held that sufficient state action was alleged. This case is readily distinguishable from the instant action as G.C. Murphy Company, by virtue of its ownership of goods which may have been taken, acquired the right to detain suspected shoplifters in the limited manner prescribed by the statute. The Plaintiff cites *Iskander v. Village of Forest Park,* 690 F.2d 126 (7th Cir.1982), however, the Court determines that this case is of no assistance in determining this issue as the Seventh Circuit explicitly refrains from determining the state action question. 690 F.2d at 128 n. 1.

 From its review of the cases, the Court determines that for a shoplifting detention statute to elevate the actions of a merchant as being taken under the color of state law would require some action between the state and the merchant involved. Joint action could occur if the State had authorized individual agents of merchants to conduct seizures and searches under a given statute, or if the State had adjudicated a case with the merchant to determine whether a search and seizure was appropriate.

 In the instant action, no such joint action is asserted because the only connection the State has with the Defendant merchant is the statute. It appears further that the actions taken by the merchant exceed that permitted by the statute, and, therefore, the merchant is alleged to have taken actions were not authorized by the State. The Court thus determines, considering this complaint in a light most favorable to the Plaintiff, the required element of state action cannot be proved under the set of facts alleged or any set of facts which may be alleged. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). That being the case, the Court has no federal question jurisdiction to consider the state law claims which may be raised by the Plaintiff's complaint.

The Defendant's motion to dismiss is granted.