800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eupha HURT, Appellant,
v.
G.C. MURPHY COMPANY, a Pennsylvania corporation authorized
to do business in West Virginia, Appellee.
 No. 86-2521.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1986.
Decided Sept. 11, 1986.
 
 Andrew A. Raptis, on brief, for appellant.
 W.E. Mohler, on brief, for appellee.
 S.D.W.Va., 624 F.Supp. 512
 AFFIRMED.
 Before ERVIN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eupha Hurt appeals the judgment of the district court dismissing her suit filed pursuant to 42 U.S.C. Sec. 1983. For the reasons given herein, we affirm the judgment.
 
 
 2
 Hurt seeks damages from G.C. Murphy Company, whose agents detained her outside their store in Dunbar, West Virginia for the purpose of determining whether she had shoplifted merchandise. West Virginia Code Sec. 61-3A-4 provides that merchants and law enforcement officers who suspect persons of shoplifting may detain those persons in a reasonable manner for a reasonable amount of time, not to exceed thirty minutes. The issue on appeal is whether the agents of the company acted under color of state law. Such action is a threshold requirement for the maintenance of a suit under 42 U.S.C. Sec. 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Monroe v. Pape, 365 U.S. 167, 184 (1961). We conclude that there was no such action.
 
 
 3
 A private defendant acts under color of state law if "he is a willful participant in a joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). The mere fact that the State regulates certain conduct does not imbue that conduct with state action. Arlosoroff v. NCAA, 746 F.2d 1019 (4th Cir.1984). We agree with the district court that there was no joint action between the company and the state in this instance because the only connection between the State and the company was the regulatory statute. There was no specific state authorization of this particular merchant's conduct. See Estate of Iodice v. Gimbels, Inc., 416 F.Supp. 1054 (E.D.N.Y.1976). Furthermore, because Hurt alleges that she was detained in excess of thirty minutes in violation of the statute, the merchant's alleged conduct exceeded even the general authorization given by the statute.
 
 
 4
 For these reasons, and because the dispositive issues recently have been authoritatively decided, we dispense with oral argument and affirm the judgment.
 
 
 5
 AFFIRMED.