**William GUIDUCCI and John Clancy, Plaintiffs,**

v.

**KOHL'S DEPARTMENT STORES, Defendant.**

**No. CV–02–6772.**

United States District Court, E.D. New York.

June 14, 2004.

Irwin Popkin, Shirley, NY, for Plaintiffs.

Steven F. Goldstein, Goldstein & Tanenbaum, LLP, Carle Place, NY, for Defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant Kohl's Department Stores ["Kohl's"] moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) of the claims of Plaintiffs William Guiducci and John Clancy as guardians of their respective daughters [collectively, "Plaintiffs"].[1] Plaintiffs sued Kohl's under both 42 U.S.C. § 1983 and relevant State laws.[2] Oral argument was heard on June 10, 2004.

Plaintiffs may seek redress of their grievances through a tort suit in State court, but they may not obtain it through a civil rights suit in federal court. Kohl's motion to dismiss is **GRANTED** as to Plaintiffs' § 1983 claims, but **WITHOUT PREJUDICE** in any State proceeding, and the Court declines to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over Plaintiffs' remaining State law claims.[3]

### Background

Messrs. Guiducci and Clancy's daughters were 14-year old girls when they were caught shoplifting by a (female) security guard at Kohl's. Without informing either their parents or the police of their apprehension, the guard forced the girls into an office, interrogated them, and made them strip to their underclothes to recover the store's merchandise. Once the girls returned the shoplifted items to Kohl's, the security guard contacted Suffolk County police, who arrested the girls on the strength of the statements of the Kohl's employee. *See* Plaintiffs' Memorandum of Law in Opposition to Kohl's Motions at 4–6.

### Analysis

#### A. *Standard of review*

In a Rule 12 motion to dismiss for failure to state a claim upon which relief may be granted, Kohl's must demonstrate that even if Plaintiffs' allegations are accepted as true, and all reasonable inferences are drawn in Plaintiffs' favor, Plaintiffs are still not entitled to the relief sought. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

#### B. *The parties' arguments*

Kohl's argues that where "there is an absence of proof that the private security guard was acting at the direction of or in cooperation with law enforcement ... when they detained and/or arrested a party, there is no Fourth Amendment" violation, and therefore no § 1983 violation of constitutional rights. Kohl's Memorandum of Law in Support of Their Motion at 8. Plaintiffs respond by invoking a single case within the Second Circuit, *Brooks v. Santiago,* 1998 WL 107110, 1998 U.S. Dist. LEXIS 2769 (S.D.N.Y. Mar. 10, 1998), for the proposition that "a § 1983 claim [may be] sustained as a result of a shoplifting apprehension upon the determination that the defendants acted in concert with the police for the purpose of procuring the plaintiff's arrest," if the "police made the arrest without having conducted an inde-

---

**1.** Defendant's papers seek both dismissal under FED.R.CIV.P. 12(b)(6) and summary judgment under FED.R.CIV.P. 56(c), which is improper procedure. The Court will consider Defendant's motion as one for dismissal under Rule 12.

**2.** Section 1983, civil actions for the deprivation of rights, provides that every person who, under color of law, subjects any United States citizen to the deprivation of their constitutional rights, shall be liable to the injured party.

**3.** Section 1367, supplemental jurisdiction, provides that a district court may decline to exercise supplemental jurisdiction over State law claims if the district court dismisses the federal claim over which it had original jurisdiction.

pendent investigation in order to determine whether or not there existed probable cause." Plaintiffs' Memorandum at 7.

## C. *Section 1983, state action, and store security guards*

Section 1983 applies to the deprivation of rights under the color of law by state actors. It does not apply, except in special circumstances not presented by this case, to store security guards.

The Second Circuit recently stated in *Tancredi v. Metropolitan Life Ins. Co.,* 316 F.3d 308, 312–13 (2d Cir.2003), that a "plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [ ] required to show state action," and in "order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state" (citation and quotation marks omitted).

District courts within the Second Circuit usually reject claims that the actions of store security guards implicate state action when they detain and investigate suspected shoplifters. Most recently, in *Josey v. Filene's, Inc.,* 187 F.Supp.2d 9 (D.Conn. 2002), a district court stated that

Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983. Courts have held that the actions of private security guards constitutes state action in two circumstances. First, private guards may be sued when they are given the authority of state law. Second, security guards are considered to be acting under state law if they are willful participants in the joint activity of the State or its agents.

*Id.* at 16 (citations and quotation marks omitted). In *Josey,* such circumstances were not present, and the court dismissed an alleged shoplifter's § 1983 claim. *See id.* at 17.

Several other district courts within the Circuit agree that store security guards are not state actors when they detain suspected shoplifters. *See Moher v. Stop & Shop Cos.,* 580 F.Supp. 723, 725–26 (D.Conn.1984) (stating in the case of an alleged shoplifter claiming a § 1983 violation that in "the absence of any hint in her complaint ... that defendant's acts were undertaken 'under color of law,' plaintiff has her remedy in a state court for the wrong allegedly done to her"); *Newman v. Bloomingdale's,* 543 F.Supp. 1029, 1032 (S.D.N.Y.1982) (stating that a complaint that "the police, by arresting and detaining an individual accused of shoplifting solely on the oral complaint of store personnel ... does not allege facts sufficient to make the store's conduct the 'state action' which is essential to state a claim under 42 U.S.C. § 1983"); *Klein v. Alexander's Dep't Store,* 1977 U.S. Dist. LEXIS 14673 at *3–4 (S.D.N.Y. Aug. 2, 1977) (stating that a guard's action "fails to supply the requisite state action ... the complaint against the store and its employees fails to state an actionable claim under section 1983"); *Iodice v. Gimbels, Inc.,* 416 F.Supp. 1054, 1055 (E.D.N.Y.1976) (stating that a guard's action "is not sufficient to bridge the gap between private and State action ... This 'shopkeepers' privilege' is insufficient to transform defendants' conduct into acts under color of state law").

The exception that proves the general rule is the decision of the district court in *Rojas v. Alexander's Dep't Store, Inc.,* 654 F.Supp. 856 (E.D.N.Y.1986). In *Rojas,* an alleged shoplifter's § 1983 claim was *not* dismissed because the store security guard had been sworn in as a "special patrolman" by the New York City Police Department. This security guard's unique status as a quasi-peace officer imputed state action and therefore implicated the Fourth Amendment and § 1983. *See id.* at 858.

The single case cited by Plaintiffs for the proposition that the actions of a store security guard may be attributable to the state for the purposes of § 1983, *Brooks v. Santiago,* is factually distinguishable, and its legal reasoning is both rejected by and not binding upon this Court. Factually, in *Brooks,* the store security guard and the police officers acted in tandem.[4] Legally, t he gravamen of *Brooks* is that New York General Business Law Section 218, which allows as a defense to torts such as false imprisonment a retailer's reasonable detention of a person attempting to commit larceny on their premises, may convert security guards into state actors if the police arrest an alleged shoplifter after failing to conduct their own follow-up investigation.

The district courts in *Klein,* 1977 U.S. Dist. LEXIS 14673 at *3–4, and *Iodice,* 416 F.Supp. at 1055, both specifically rejected the *Brooks* court's view of N.Y. GEN. BUS. § 218. This Court shares the view of the *Klein* and *Iodice* courts. Section 218, the defense of lawful detention, states that in any action for, *e.g.,* false imprisonment, brought by a person detained at a retail establishment for the investigation of the ownership of any merchandise, it shall be a defense to such action that the person was detained in a reasonable manner and for a reasonable time to permit such investigation by, *e.g.,* the authorized employee of the owner of the retail establishment.

The statute is an affirmative defense against tort claims. It in no way establishes store security guards as state actors. *See People v. Jones,* 47 N.Y.2d 528, 532, 393 N.E.2d 443, 445, 419 N.Y.S.2d 447, 449 (1979) (citing § 218 and stating that "em-

ployees of retail stores are empowered to arrest or detain individuals suspected of shoplifting ... in exercising this authority store employees are generally held to act as private individuals and not as police officers or State officials"). Even if the police subsequently arrest a shoplifter on the basis of a guard's statements, absent joint action by the guard and the police, or special patrolman status on the part of the guard, the guard's complaint to a police officer is no different than that of any other civilian witness to a crime.

The actions of the Kohl's store security guard towards Plaintiffs' daughters, therefore, were not the actions of the state, and they implicate neither the Fourth Amendment nor 42 U.S.C. § 1983. Plaintiffs' Section 1983 claim is therefore dismissed. Yet the Court in no way intends to minimize the conduct of the Kohl's employee.

If Plaintiffs' allegations are true, the Court observes, without presuming to decide, that Kohl's may have committed tortious acts against these girls under New York State law when their store security guard forced them to strip. While N.Y. GEN. BUS. § 218 permits store security guards to *reasonably* detain and investigate suspected shoplifters, inasmuch as it immunizes such behavior from certain tort actions, the reasonableness standard contained in the statute means it most likely does not immunize a store if its guards strip-search juvenile customers in pursuit of *de minimis* amounts of inexpensive merchandise.

However, these observations point to a possible State law tort claims against Kohl's, not to a federal civil rights claim against Kohl's.

**4.** In *Brooks,* the suspected shoplifter and the store security guard "were stopped by the managers and two police officers ... one of the managers declared that the Plaintiff should be arrested because of problems the

store had been having with 'these guys' ... The police then searched Mr. Brooks, but found nothing. They arrested him anyway." 1998 WL 107110, *1, 1998 U.S. Dist. LEXIS 2769 at *2–3.

### Conclusion

For the foregoing reasons, Kohl's motion to dismiss is **GRANTED, WITHOUT PREJUDICE** in any State proceeding, as to Plaintiffs' federal claims. Even if Plaintiffs' allegations are accepted as true, and all reasonable inferences are drawn in Plaintiffs' favor, Plaintiffs are still not entitled to the relief sought, because the Court lacks jurisdiction over Plaintiffs' § 1983 claim, as the Kohl's security guard is not a state actor within the meaning of the civil rights statute. The Court also declines to exercise its supplemental jurisdiction over Plaintiffs' remaining State law claims.

**SO ORDERED.**