**Clifton POWELL, Appellant,**

v.

**SHOPCO LAUREL COMPANY and Robert K. Skeen, Appellees.**

**No. 82–1023.**

United States Court of Appeals, Fourth Circuit.

Argued March 31, 1982.

Decided May 18, 1982.

Ward Brockett, Laurel, Md., for appellant.

William J. Jackson, Baltimore, Md. (James E. Gray, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and RUSSELL and ERVIN, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge.

Appellant Clifton Powell seeks this Court's permission to pursue, under 42 U.S.C. § 1983,[1] a claim against the private employer of a State-licensed security guard for the latter's tortious treatment of him; the employer's liability is predicated solely on the doctrine of *respondeat superior.* Because Powell's claim falls outside the scope of the statute, we affirm the District Court's judgment on the pleadings.

Powell alleges the following facts.[2] On August 5, 1980, he and a companion were walking in the Laurel (Maryland) Shopping Center when they were confronted by Robert K. Skeen, a security guard who questioned them about a shoplifting incident. Skeen was employed by the shopping center's owner, appellee Shopco Laurel Company (Shopco), and was commissioned a "Special Police Officer" under the laws of Maryland. At Skeen's request, Powell agreed to accompany him to the security office of the center's J. C. Penney's store, the scene of the alleged shoplifting. En route, Skeen repeatedly refused to allow Powell to stop at a restroom. When he attempted to do so without permission, Skeen hit him in the head with a slapjack and handcuffed him. After this attack Skeen arrested Powell for assault and battery, disturbing the peace, and resisting arrest, of which he was subsequently acquitted.

Powell filed this action against Shopco and Skeen in October 1980, charging *inter alia* that Skeen, while acting under the color of State law, had deprived him of his civil rights.[3] To repeat, Shopco's liability was laid solely on principles of *respondeat superior.* The District Court, July 21, 1981, granted Shopco's motion for judgment on the pleadings, holding that *respondeat superior* could not be invoked under section 1983.[4]

---

1. The statute provides in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Given the posture of this appeal, we assume the truth of these factual allegations. *See, e.g., Strescon Indus., Inc. v. Cohen,* 664 F.2d 929, 930 n.2 (4th Cir. 1981); 2A Moore's Federal Practice ¶ 12.15, at 2342 (2d ed. 1981).

3. Various pendent State claims were alleged against both defendants. All non-Federal claims against Shopco were dismissed with the section 1983 claim.

4. Finding no just reason for delay, the District Court entered final judgment as to Shopco pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, thus placing this matter within this Court's 28 U.S.C. § 1291 jurisdiction. *See* C. Wright, The Law of Federal Courts § 101, at 453–54 (1970). Hence the liability of defendant Skeen is not before this Court, and we express no views as to that question.

In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipal corporation cannot be saddled with section 1983 liability via *respondeat superior* alone. We see this holding as equally applicable to the liability of private corporations. Two aspects of *Monell* exact this conclusion. The Court found section 1983 evincing a Congressional intention to exclude the imposition of vicarious answerability. For a third party to be liable the statute demands of the plaintiff proof that the former "caused" [5] the deprivation of his Federal rights. 436 U.S. at 691–92, 98 S.Ct. at 2036. Continuing, the Court observed that the policy considerations underpinning the doctrine of *respondeat superior* insufficient to warrant integration of that doctrine into the statute. *Id.* at 694, 98 S.Ct. at 2037. No element of the Court's *ratio decidendi* lends support for distinguishing the case of a private corporation.

With appellant Powell's Federal claim against Shopco fatally flawed, the judgment of the District Court is

AFFIRMED.