Jaime Mario IBARRA, Lucie Maria Lopez, Jaime Ibarra, Jr., and Luis Armando Ibarra, Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, County of Clark, a political subdivision of the State of Nevada, City of Las Vegas, G. Carlman, D. Devitte, and Binion's Horseshoe Hotel and Casino, Defendants.

No. CV–R–83–249–ECR.

United States District Court, D. Nevada.

Sept. 27, 1983.

Eva Garcia, Las Vegas, Nev., for plaintiffs.

Dana Jonathon Nitz, Las Vegas, Nev., for all defendants except Binions.

Drake DeLanoy, Las Vegas, Nev., for Binion's Horseshoe Hotel & Casino.

## ORDER

EDWARD C. REED, Jr., District Judge.

This is a civil rights action, brought under 42 U.S.C. § 1983. Plaintiff Jaime Ibarra contends that on February 6, 1983, two Las Vegas police officers beat him up in front of the Horseshoe Hotel/Casino [Horseshoe] in Las Vegas, and that they were assisted by as-yet unnamed Horseshoe employees.

The complaint recites that "[e]ach of the defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned." However, the only specific allegation against Horseshoe is that its employees were acting within the course and scope of their employment when they assisted the police officers. Plaintiffs contend that Horseshoe should be held vicariously liable for the conduct of its employees under § 1983 as well as state law. Horseshoe has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). It claims that it cannot be held vicariously liable under either § 1983 or state law.

## FEDERAL LAW

A plaintiff seeking to state a claim for relief under 42 U.S.C. § 1983 must allege (1) that the defendant subjected him to the deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the defendant acted under color of state law or authority. *Morrison v. Jones,* 607 F.2d 1269, 1275–76 (9th Cir.1979) *cert. denied* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Sykes v. State of California,* 497 F.2d 197, 200 (9th Cir.1974).

### *Respondeat Superior*

Plaintiffs' complaint does not allege that either element of the *Morrison* test applies to Horseshoe. They contend, however, that Horseshoe should be held liable under the doctrine of respondeat superior.

The Ninth Circuit has not addressed the specific issue of whether respondeat superior liability can be imposed on a private defendant under § 1983. However, such an application of the doctrine has been rejected in several other circuits. *See, e.g., Iskander v. Village of Forest Park,* 690 F.2d 126 (7th Cir.1982); *Powell v. Shopco-Laurel Co.,* 678 F.2d 504 (4th Cir.1982).

The more recent of these decisions have been based on the United States Supreme Court's decision in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell* the Court rejected the imposition of respondeat superior liability on municipalities in § 1983 actions, and the liability of private defendants under the doctrine was not discussed. However, the arguments advanced to support the *Monell* Court's holding are also applicable to private defendants. As the *Powell* court stated:

> The Court found section 1983 evincing a Congressional intention to exclude the imposition of vicarious answerability. For a third party to be liable the statute demands ... proof that [that party] "caused" the deprivation of [the plaintiff's] Federal rights. 436 U.S. at 691–92, 98 S.Ct. at 2036. [In addition,] the Court observed that the policy considerations underpinning the doctrine of *respondeat superior* [were] insufficient to warrant integration of that doctrine into the statute. *Id.* at 694, 98 S.Ct. at 2037.

678 F.2d at 506.

This Court has reservations concerning the "policy considerations" to which the

*Powell* court referred when it applied the *Monell* rule to private defendants.[1] Nevertheless, we find *Monell's* analysis of Congressional intent to be controlling. In addition to the fact that the interpretation suggested by the plaintiffs is inconsistent with the language of the statute, imposition of liability on a private defendant based solely on the existence of an employer-employee relationship would as a practical matter tend to eliminate the "under color of state law" requirement of § 1983 with respect to this type of defendant.[2] This Court declines to adopt such a radical interpretation of that statute.

Plaintiffs have cited the cases of *Hesselgesser v. Reilly,* 440 F.2d 901 (9th Cir.1971); *Boettger v. Moore,* 483 F.2d 86 (9th Cir. 1973), and *Hansen v. May,* 502 F.2d 728 (9th Cir.1974), for the proposition that state or municipal officials can be held liable on this basis if state law specifically provides for the imposition of such liability. However, the Ninth Circuit has never applied this line of cases to private defendants who have not been shown to have acted under color of state law, and this Court finds no basis for doing so.

### Joint or Concerted Action

■ A defendant need not be an agent of the state in order to act "under color of" state law or authority. A private party may be liable under § 1983 if he was a willful participant in joint action with state agents. *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Sykes, supra,* 497 F.2d at 200.

1. In *Monell* the Court noted two justifications for the doctrine of respondeat superior:
   > First is the common-sense notion that no matter how blameless an employer appears to be in an individual case, accidents might nonetheless be reduced if employers had to bear the cost of accidents.... Second is the argument that the cost of accidents should be spread to the community as a whole on an insurance theory.

   436 U.S. at 693–94, 98 S.Ct. at 2037. The Court noted that Congress had rejected these justifications for the imposition of respondeat superior liability on municipalities in the face of the perceived constitutional difficulties involved in imposing such liability. In the absence of evidence that Congress had similar reservations as to the application of respondeat superior liability to private entities, this seems to be an insufficient basis from which to conclude, as did the *Powell* court, that "the policy considerations underpinning the doctrine of respondeat superior [are] insufficient to warrant integration of that doctrine into the statute" with respect to private corporations.

2. The same reasoning would also apply to a § 1983 claim based on negligent hiring, training or supervision on the part of Horseshoe.

In the present case, plaintiffs have alleged only that all of the defendants acted individually and in concert to deprive Jaime Ibarra of his civil rights. The factual allegations made in support of this claim, however, give no indication of any involvement by Horseshoe other than by virtue of its status as the employer of the unnamed employee defendants.

A claim of conspiracy or action in concert requires the allegation of "facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff." *Hoffman v. Halden,* 268 F.2d 280, 295 (9th Cir.1959). The Court finds that the conclusory allegation in plaintiffs' complaint is unsupported by facts sufficient to state a claim against Horseshoe on the basis of action in concert involving Horseshoe and any public official or agent.

### Conclusion

This Court finds that plaintiffs' § 1983 complaint against Horseshoe fails to make the allegations required by *Morrison v. Jones, supra.* Plaintiffs have not alleged that Horseshoe itself subjected (or caused others to subject) plaintiff Jaime Ibarra to the deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States. Neither have plaintiffs shown that Horseshoe acted under color of state law or authority. To the extent the complaint attempts to state a claim for relief based on action by Horseshoe in concert with state agents, it fails to make the allegations required by *Hoffman v. Halden, supra.* The Court therefore concludes that plaintiffs' § 1983 claim against Horseshoe should be dismissed for failure to state a claim on which relief can be granted, unless it is amended to cure the deficiencies identified in this Order.

### STATE LAW

The Court finds that plaintiffs have stated a claim for relief against Horseshoe under state law. In *Prell Hotel Corp. v. Antonacci,* 86 Nev. 390, 469 P.2d 399 (1970), the plaintiff was playing "21" at the Prell Hotel when the dealer punched him. The court held that "[w]here ... the willful tort is committed in the course of the very task assigned to the employee, liability may be extended to the employer." 469 P.2d at 400. In the present case plaintiffs have alleged facts that, if proven, would establish the liability of Horseshoe for the conduct of its employees under the *Prell* test.

The Court notes for the benefit of counsel that if plaintiffs do not amend their complaint to state a claim for relief under § 1983 they will have to establish that this Court has pendent jurisdiction over the plaintiffs' state law claim. *See Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

IT IS, THEREFORE, HEREBY ORDERED that plaintiffs' federal and state claims against defendant Horseshoe shall be dismissed unless plaintiffs amend their complaint to state a claim for relief under § 1983 against Horseshoe within thirty (30) days.

IT IS FURTHER ORDERED that if plaintiffs' complaint is not amended, they shall have thirty (30) days in which to file a memorandum of points and authorities as to why their state claim against Horseshoe should not be dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that if plaintiffs file the above described memorandum, defendant Horseshoe shall have twenty (20) days in which to file a response thereto.

IT IS FURTHER ORDERED that if defendant Horseshoe files a response to plaintiffs' memorandum, plaintiffs shall have ten (10) days in which to reply.