**Fernando ROJAS and Petrucia Rojas, Plaintiffs,**

v.

**ALEXANDER'S DEPARTMENT STORE, INC., Defendant.**

**No. 86 C 0956.**

United States District Court, E.D. New York.

Dec. 30, 1986.

Eleanor Jackson Piel, New York City, for plaintiffs.

White, Fleischner & Fino (John Mulcahy, of counsel), New York City, for defendant.

NICKERSON, District Judge.

Plaintiffs brought this action under 42 U.S.C. § 1983 alleging that defendant through agents acting as police officers wrongfully arrested plaintiff Fernando Rojas in the presence of plaintiff Petrucia Rojas, all in violation of their constitutional rights.

Defendant Alexander's Department Store (Alexander's) moves for an order (a) dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim, (b) dismissing the claims insofar as they allege state claims of false arrest and false imprisonment as barred by N.Y.Civ. Prac.Law § 215(3) requiring such actions to be commenced within a year, and (c) dismissing the claim of Petrucia Rojas because she lacks standing to make the claim.

Alexander's submits affidavits in support of the motion. Plaintiffs submit an affidavit in opposition to the motion and also move for leave to file an amended complaint adding a claim that Alexander's discriminated against plaintiffs because they are of "South American (Spanish)" extraction. The court treats Alexander's motion as one for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

From the affidavits the following facts emerge. Plaintiffs were in Alexander's Department Store on November 9, 1984. Fernando Rojas, with a telephone answering machine in his hand, was stopped and detained by store detectives employed by Alexander's. According to plaintiffs, Petrucia Rojas was in another part of the store waiting for Fernando, her husband. When he did not appear she searched him out and found him handcuffed in the security office, causing her embarrassment and anxiety. After a few hours he was released from custody and given a summons to appear and answer to charges of petit larceny and possession of stolen property. Almost a year later he was acquitted on

the charge. Plaintiffs filed this suit on March 25, 1986.

Defendant claims that the store detectives who arrested and held Fernando Rojas were private citizens and not public officials, and that therefore defendant did not act under color of state law. Moreover, defendant asserts that it cannot be held vicariously liable under section 1983 for the acts of its employees.

Although the detective who held Fernando Rojas, handcuffed him and told him he was under arrest was paid by Alexander's, she was also apparently a "special patrolman" appointed by the New York City Police Commissioner pursuant to the New York City Administrative Code § 434a–7.0. The summons was signed by her as "SPO" (Special Police Officer) and specified her shield number.

■ Under the Administrative Code such a special patrolman "shall ... possess all the powers and discharge all the duties of the [police] force, applicable to regular patrolmen." Such a special patrolman, with the power to arrest, is a government official subject to section 1983 liability. *Cf. Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951).

■ Alexander's potential liability under section 1983 for having employed the detective is a more difficult issue. Although it is not clear whether the arresting detective was commissioned as a special patrolman at Alexander's behest (one of several procedures available under § 434a–7.0 of the Administrative Code), the court is of the view that, in any event, the decision to employ a "special patrolman" involves a utilization for Alexander's benefit of state law enforcement authority sufficient to satisfy section 1983's "under color" of state law requirement. *See, e.g., Thompson v. McCoy*, 425 F.Supp. 407, 410 (D.S.C.1976). In addition, the complaint can be construed as setting forth facts sufficient to show that defendant's other store detectives conspired with the special patrolman in the actions taken against Fernando Rojas. *See, e.g., Dennis v. Sparks*, 449 U.S. 24, 27–28 & n. 4 (1980) ("[p]rivate persons,

jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions").

Absent a conspiracy, however, there remains an issue whether Alexander's can be held vicariously liable for its employee's actions. Most courts that have addressed this point have held that a corporate employer is not liable under section 1983, on a theory of *respondeat superior*, for the constitutional torts of its employees. *See, e.g., Iskander v. Village of Forest Park*, 690 F.2d 126, 128–29 (7th Cir.1982); *Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir. 1982); *Draeger v. Grand Central, Inc.*, 504 F.2d 142, 145–46 (10th Cir.1974); *Ibarra v. Las Vegas Metropolitan Police Department*, 572 F.Supp. 562 (D.Nev.1983); *Shepard v. Byrd*, 581 F.Supp. 1374, 1389–90 (N.D.Ga.1984); *Estate of Iodice v. Gimbels, Inc.*, 416 F.Supp. 1054 (E.D.N.Y.1976). *But see Classon v. Shopko Stores, Inc.*, 435 F.Supp. 1186 (E.D.Wis.1977). The majority viewpoint relies heavily on the line of cases that culminated in the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and which held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691, 98 S.Ct. at 2036. Neither the Supreme Court nor the Second Circuit appear to have addressed directly the issue of whether a private corporate employer may be held liable under section 1983 on a *respondeat superior* theory.

■ This court does not decide this issue. Even if the doctrine of *respondeat superior* does not apply to section 1983 actions at all, plaintiffs, particularly in their papers in support of their motion to amend the complaint, have alleged that it was defendant's unstated policy to arrest more readily on suspicion of shoplifting those customers who were black or hispanic. This allegation, if true, would suffice to meet the requirements that a plaintiff show that official policy is the moving force behind the constitutional violation. *See Polk County v. Dodson*, 454 U.S. 312, 326, 102

S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). Plaintiff Fernando Rojas is entitled to an opportunity at trial to prove the existence of such a policy.

■ Moreover, to the extent that Fernando Rojas has alleged a conspiracy between Alexander's other private employees and the special patrolman, a sufficient basis for Alexander's potential liability exists. *See, e.g., Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Plaintiffs' remaining contentions are more easily addressed. While any pendent state law claims for false arrest and false imprisonment are indeed barred by N.Y.Civ.Prac.Law § 215(3), establishing a one year statute of limitations, *see Conway v. Village of Mount Kisco,* 750 F.2d 205 (2d Cir.1984), plaintiffs' federal claim under section 1983 is governed by the three year statute N.Y.Civ.Prac.Law § 214(2), *see Pauk v. Board of Trustees,* 654 F.2d 856 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982), and is here timely brought. The court declines to view *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) as overruling *Pauk* unless and until the Second Circuit adopts that position. *See, e.g., Green v. Coughlin,* 633 F.Supp. 1166 (S.D. N.Y.1986).

■ Petrucia Rojas has constitutional standing to sue because she has alleged a direct injury to herself, namely, the emotional distress when she saw her husband detained and handcuffed. *See Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). However, the fact that she alleges injury does not establish that she has stated a claim under section 1983. "The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws [of the United States.]' " *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (quoting 42 U.S.C. § 1983). She may have alleged facts showing a state law tort claim of intentional or negligent infliction of emotional distress. But she has not pointed to

any deprivation of her federally protected rights. Absent conduct that "shocks the conscience," *see Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952), a claim for damages due to emotional distress does not state a cognizable section 1983 cause of action. *See, e.g., Grandstaff v. City of Borger,* 767 F.2d 161, 172 (5th Cir.1985); *Sullivan v. Marshall,* 628 F.Supp. 1080, 1083 (D.Mass. 1985); *Horne v. Farrell,* 560 F.Supp. 219, 225 (M.D.Pa.1983).

■ Her state law tort claims for the infliction of emotional distress may not be litigated here. Pendent party jurisdiction is unavailable. *See Leopold v. Birkett,* 523 F.Supp. 525 (E.D.N.Y.1981). *See also Sullivan, supra,* 628 F.Supp. at 1083–84; *Fritts v. Niehouse,* 604 F.Supp. 823, 827–30 (W.D.Mo.1984); *Stanley v. City of New York,* 587 F.Supp. 393, 397 (E.D.N.Y.1984).

The motion to dismiss the claims of Petrucia Rojas is granted. The motion to dismiss the claims of Fernando Rojas insofar as they allege state torts of false arrest and false imprisonment is granted. Defendant's motion to dismiss the complaint otherwise is denied. Plaintiffs' motion for leave to serve an amended complaint to allege discrimination is granted only with respect to Fernando Rojas. So ordered.