William TEMPLE, Plaintiff,

v.

S.O. ALBERT, S.O. Lavin, Sgt. Kain, Columbia Presbyterian Hospital, Dr. Maharem, Defendants.

No. 87 Civ. 005 (WCC).

United States District Court, S.D. New York.

Sept. 18, 1989.

---

William Temple, Warwick, N.Y., pro se.

Rochman, Platzer & Fallick, New York City, for defendants; Kenneth J. Platzer, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff William Temple, an inmate at Fishkill Correctional Facility, brings this action, *pro se*, pursuant to 42 U.S.C. § 1983, against Special Officers Albert and Lavin, Sergeant Kain ("the Officers"), and Doctor Maharem ("the Doctor"), employees of Columbia Presbyterian Hospital, and Columbia Presbyterian Hospital itself ("the

1. Plaintiff seeks to have the Officers dismissed from their employment at the Hospital and to have the American Medical Association consider the Doctor's actions.

Hospital"). Plaintiff seeks compensatory damages against all defendants and punitive action against the Officers and Doctor.[1] The action is currently before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a cause of action, pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P.[2] For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff was arrested on May 27, 1986 on 165th Street between Broadway and St. Nicholas Avenue in connection with a crime that allegedly occurred at nearby Columbia Presbyterian Hospital. Plaintiff was apprehended by the Officers, who were employed as security guards by Columbia Presbyterian Hospital. Plaintiff's complaint raises two distinct claims. First, plaintiff asserts that he was assaulted by the security staff at Columbia Presbyterian Hospital upon his arrest on May 27, 1986 and continuously thereafter while he was handcuffed and unable to resist. Second, plaintiff contends that he was denied medical attention by the medical staff at Columbia Presbyterian Hospital. The Officers and Doctor claim that they are private citizens, and that therefore they did not act "under color of state law," depriving this Court of subject matter jurisdiction. The Hospital avers that it may not be held vicariously liable in a § 1983 action.

## DISCUSSION

*Subject Matter Jurisdiction*

In order to prevail under 42 U.S.C. § 1983, plaintiffs must satisfy two elements:

"First, the plaintiff must prove that the defendant has deprived him of a right secured by the constitution and laws of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right under col-

2. The Officers also moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P. Subsequently, however, defendants were properly served.

or of any statute, ordinance, regulation, custom or usage, of any State or Territory (42 U.S.C. § 1983). This second element requires that the plaintiff show that the defendant acted under color of law."

*Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Green v. Maraio,* 722 F.2d 1013, 1016 (2d Cir.1983). Defendants move to dismiss plaintiff's claim because the complaint fails to allege that the defendants acted under color of state law or participated in joint activity with the state or its agents. While there is no such allegation in plaintiff's complaint, this Court permitted the *pro se* plaintiff to assert in his memorandum in opposition to the motion a proposed amendment to the complaint.

Taking all of plaintiff's allegations as true, *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and reviewing them under a less stringent standard than formal pleadings drafted by counsel, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), the motion is granted as to the Hospital, and denied as to the Officers and Doctor.

## A. The Officers

■ In order to determine whether the actions taken by the Officers were "under color of state law," the Court must look to the source of power or authority which was allegedly abused and determine if such power or authority existed by virtue of a grant from the state. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color' of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). While the defendants were paid by the Hospital, they were also designated "Special Patrolmen," appointed by the New York City Police Commissioner pursuant to section 434a–7.0 of the New York City Administrative Code. Under the Administrative Code, such special patrolman "shall ... possess all the powers and discharge

all the duties of the [police] force, applicable to regular patrolmen."

Special Patrolmen acting pursuant to a statutory grant of police power are sufficiently controlled by the state to be properly characterized as acting "under color of state law." *See Rojas v. Alexander's Dep't Store, Inc.,* 654 F.Supp. 856, 858 (E.D.N.Y.1986); *Thompson v. McCoy,* 425 F.Supp. 407, 410–11 (D.S.C.1976); *cf. Williams v. United States,* 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951) (private detective who held a Special Police Officer's Card issued by the City of Miami held to be acting "under color of law," even though employed by private corporation). Consequently, the Officers are subject to suit under § 1983.

## B. The Doctor

■ In order to state a claim for relief against a private individual under § 1983, plaintiff must allege a conspiracy between the individual and those acting "under color of state law" to deprive plaintiff of his constitutionally protected interests. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). The Supreme Court has made it clear that a defendant need not be a state agent for his actions to be actionable under § 1983. "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Id.* at 27–28, 101 S.Ct. at 186.

■ Because plaintiff has alleged that the Doctor conspired with the Officers, who, for the reasons set forth above, were acting "under color of state law," plaintiff has satisfied the requirement for maintaining a § 1983 action against this private defendant.

## C. The Hospital

■ Plaintiff alleges that the Hospital is vicariously liable for the constitutional torts of its employees, the Officers and Doctor. While it is clear that vicarious liability may not be imposed under § 1983 upon a municipality, *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978),

neither the Supreme Court nor the Second Circuit appear to have addressed directly the issue of whether a private corporate employer may be held liable under § 1983 on a *respondeat superior* theory. However, numerous courts in other jurisdictions have held that a corporate employer is not vicariously liable, relying on the reasoning of *Monell. See, e.g., Iskander v. Village of Forest Park*, 690 F.2d 126, 128–29 (7th Cir.1982); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982); *Draeger v. Grand Central, Inc.*, 504 F.2d 142, 145–46 (10 Cir.1974); *Estate of Iodice v. Gimbels, Inc.*, 416 F.Supp. 1054, 1055 (E.D.N.Y. 1976). I agree that there is no tenable reason to distinguish a private employer from a municipality. Thus, a private corporate employer may not be vicariously liable under § 1983.

This is not to say that a private corporate employer is never liable under § 1983. Where a plaintiff alleges a conspiracy between the private employer and its employees who are acting "under color of state law," a sufficient basis for potential liability exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52, 90 S.Ct. 1598, 1604–05, 26 L.Ed.2d 142 (1970); *Rojas v. Alexander's Dep't Store, Inc.*, 654 F.Supp. 856, 858 (S.D.N.Y.1987). A further basis for liability would arise if plaintiff alleged that it was the Hospital's policy to have its security guards engage in coercive practices or its medical staff to decline medical services to arrested persons. Such a policy would satisfy the requirement that a plaintiff show that the institution is the driving force behind the constitutional violation. *See Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981); *Rojas v. Alexander's Dep't Store, Inc.*, 654 F.Supp. 856, 858–59 (S.D.N.Y. 1987). Yet another basis for liability against the Hospital would exist if plaintiff alleged that the Hospital received funding from or was controlled by the state to such an extent that its activities constitute state action for purposes of § 1983. *See Davidson, M.D. v. Yeshiva University*, 555 F.Supp. 75, 79 (S.D.N.Y.1982).

Because plaintiff has made no such allegations, and because there is no vicarious liability against a private corporate employer under § 1983, the action against the Hospital is dismissed.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted in part and denied in part.

SO ORDERED.