69 F.3d 531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Derrick ANDERSON, Plaintiff, Appellant,
v.
TOWER RECORDS, et al., Defendants, Appellees.
 No. 95-1585.
 United States Court of Appeals, First Circuit.
 Nov. 8, 1995.
 
 Derrick Anderson on brief pro se.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Derrick Anderson appeals pro se the dismissal of his in forma pauperis complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm in part, vacate in part, and remand other claims for further proceedings.
 
 
 2
 The complaint alleges that on October 28, 1991, Anderson was arrested by two security guards as he was leaving Tower Records. The guards allegedly searched him, seized compact discs for which he had a receipt, and detained him until Boston Police officers arrived and transported him to a "lock-up." Anderson was later tried for shoplifting and acquitted. He seeks declaratory relief and damages against Tower Records, the two guards, their supervisor, and "any other respondeat superiors" for violations of his civil rights under 42 U.S.C. Secs. 1983, 1985, as well as for violations of 18 U.S.C. Secs. 241, 242.
 
 
 3
 We affirm the dismissal of Anderson's 42 U.S.C. Sec. 1985 and 18 U.S.C. Secs. 241, 242 claims, as well as the dismissal of his claim for damages under 42 U.S.C. Sec. 1983 based on defendants' testimony at Anderson's criminal trial. Anderson makes no reference to these claims in his brief, and we affirm their dismissal on the ground that he has waived them. See, e.g., Frazier v. Bailey, 957 F.2d 920, 932 n. 14 (1st Cir.1992). We add that, in any event, we think these claims were properly dismissed for the reasons stated by the district court.
 
 
 4
 Anderson's remaining claims allege unlawful search and seizure, false arrest, and malicious prosecution under 42 U.S.C. Sec. 1983. The district court dismissed these claims on the ground that Anderson failed to state facts showing that the defendants acted under color of law. See Alexis v. McDonald's Restaurants of Mass., Inc., 1995 WL 584187 at * 7 (1st Cir. Oct. 10, 1995) (discussing state action requirement). We think that the dismissal of these claims under Sec. 1915(d), without an opportunity to amend, was precipitous.[1] Since there are circumstances under which security guards and their employers have been found to be state actors, see, e.g., Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-59 (8th Cir.1989); Rojas v. Alexander's Dep't Store, Inc., 654 F.Supp. 856, 858 (E.D.N.Y.1987), we cannot say that Anderson would be unable to cure any deficiency in his allegations by more specific pleading, see Neitzke v. Williams, 490 U.S. 319, 331 (1989) (complaint which fails to state a cause of action is not automatically frivolous). Accordingly, we vacate the dismissal of these claims.
 
 
 5
 We stress that at this stage Anderson has not met the "color-of-law" requirement through adequate allegations of fact (let alone proof), and it may well be that he cannot do so. But this is an area of law in which the precedents do not provide a simple bright-line test, and there are at least hints that Anderson might have more to allege on the color-of-law issue if afforded an opportunity. Because of circumstances outside the control of both the district court and Anderson, that opportunity has not been effectively afforded, and we think that it should be, without intimating any view about the ultimate result in this case.
 
 
 6
 Affirmed, in part; vacated, in part; and remanded for further proceedings.
 
 
 
 [1]
 We note that although the district court issued a show cause order allowing Anderson twenty days within which to explain why his complaint should not be dismissed, the record discloses that this order was returned, undelivered, because Anderson, an inmate, had been transferred from one prison to another