USCA1 Opinion

 

 November 8, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1585  DERRICK ANDERSON, Plaintiff, Appellant, v. TOWER RECORDS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Derrick Anderson on brief pro se. ________________ ____________________ ____________________ Per Curiam. Derrick Anderson appeals pro se the __________ ___ __ dismissal of his in forma pauperis complaint as frivolous __ _____ ________ under 28 U.S.C. 1915(d). We affirm in part, vacate in part, and remand other claims for further proceedings. The complaint alleges that on October 28, 1991, Anderson was arrested by two security guards as he was leaving Tower Records. The guards allegedly searched him, seized compact discs for which he had a receipt, and detained him until Boston Police officers arrived and transported him to a "lock-up." Anderson was later tried for shoplifting and acquitted. He seeks declaratory relief and damages against Tower Records, the two guards, their supervisor, and "any other respondeat superiors" for violations of his civil rights under 42 U.S.C. 1983, 1985, as well as for violations of 18 U.S.C. 241, 242. We affirm the dismissal of Anderson's 42 U.S.C.  1985 and 18 U.S.C. 241, 242 claims, as well as the dismissal of his claim for damages under 42 U.S.C. 1983 based on defendants' testimony at Anderson's criminal trial. Anderson makes no reference to these claims in his brief, and we affirm their dismissal on the ground that he has waived them. See, e.g., Frazier v. Bailey, 957 F.2d 920, 932 n.14 ___ ____ _______ ______ (1st Cir. 1992). We add that, in any event, we think these claims were properly dismissed for the reasons stated by the district court. -2- Anderson's remaining claims allege unlawful search and seizure, false arrest, and malicious prosecution under 42 U.S.C. 1983. The district court dismissed these claims on the ground that Anderson failed to state facts showing that the defendants acted under color of law. See Alexis v. ___ ______ McDonald's Restaurants of Mass., Inc., 1995 WL 584187 at *7 ______________________________________ (1st Cir. Oct. 10, 1995) (discussing state action requirement). We think that the dismissal of these claims under 1915(d), without an opportunity to amend, was precipitous.1 Since there are circumstances under which security guards and their employers have been found to be state actors, see, e.g., Murray v. Wal-Mart, Inc., 874 F.2d ___ ____ ______ _______________ 555, 558-59 (8th Cir. 1989); Rojas v. Alexander's Dep't _____ __________________ Store, Inc., 654 F. Supp. 856, 858 (E.D.N.Y. 1987), we cannot ___________ say that Anderson would be unable to cure any deficiency in his allegations by more specific pleading, see Neitzke v. ___ _______ Williams, 490 U.S. 319, 331 (1989) (complaint which fails to ________ state a cause of action is not automatically frivolous). Accordingly, we vacate the dismissal of these claims. We stress that at this stage Anderson has not met the "color-of-law" requirement through adequate allegations  ____________________ 1. We note that although the district court issued a show cause order allowing Anderson twenty days within which to explain why his complaint should not be dismissed, the record discloses that this order was returned, undelivered, because Anderson, an inmate, had been transferred from one prison to another.  -3- of fact (let alone proof), and it may well be that he cannot do so. But this is an area of law in which the precedents do not provide a simple bright-line test, and there are at least hints that Anderson might have more to allege on the color- of-law issue if afforded an opportunity. Because of circumstances outside the control of both the district court and Anderson, that opportunity has not been effectively afforded, and we think that it should be, without intimating any view about the ultimate result in this case. Affirmed, in part; vacated, in part; and remanded for ________________________________________________________ further proceedings. ____________________ -4-