Rhonda Sue WESLEY, Plaintiff,

v.

DON STEIN BUICK, INC., et. al., Defendants.

No. 97–2271–JWL.

United States District Court, D. Kansas.

April 17, 1998.

Rhonda Sue Wesley, Kansas City, MO, pro se.

Lawrence L. Ferree, III, Kirk Thomas Ridgway, Ferree, Bunn & O'Grady, Chtd., Overland Park, KS, for Don Stein Buick, Inc., Don Stein, Jerry Kaplan, Multiple Unnamed Sales Agents and American Isuzu.

Robert J. Harrop, David C. Vogel, Lathrop & Gage L.C., Kansas City, MO, Yvonne M. Warlen, Shank, Laue & Hamilton, P.C., Kansas City, MO, for General Motors Corp.

Michael R. Santos, City of Overland Park Legal Dept., Overland Park, KS, Daniel B. Denk, Michael M. Shultz, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for T.A. Stovall, One Unnamed Desk Clerk, John M. Douglass, City of Overland Park Police Dept. and City of Overland Park.

Janice M. Karlin, Office of U.S. Attorney, Kansas City, KS, for Frederick S. Hillman, F.B.I. Supervisory Special Agent William M. Chornyak, F.B.I., F.B.I., Director Louis J. Freeh, U.S. Postal Service and U.S. Postal Service Postmaster General, Marvin Runyon.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case arises out of an incident that occurred while plaintiff was shopping for a car at Don Stein Buick, Inc. ("Don Stein Buick") in Overland Park, Kansas and plaintiff's later attempts to file charges through various authorities. Plaintiff alleges that employees of Don Stein Buick assaulted her. She also brings a claim against Don Stein Buick under 42 U.S.C. § 13981, the Federal Violence Against Women Act. In plaintiffs later attempts to have this incident investigated and to have charges filed through various authorities, plaintiff claims her civil rights were violated under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff brings claims against multiple defendants including Don Stein Buick and General Motors Corporation ("GMC"), whose automobiles are sold on Don Stein Buick's lot. In two prior memorandum and orders, the court dismissed some of plaintiff's claims and left others intact. *Wesley v. Don Stein Buick, Inc.*, 996 F.Supp. 1299 (D.Kan.1998); *Wesley v. Don Stein Buick, Inc.*, 985 F.Supp. 1288 (D.Kan.1997).

The matter is now before the court on defendant GMC's motion to dismiss plaintiff's section 1983, 1985 and 1986 claims and for summary judgment on all claims. (Doc. 118) Plaintiff bases her claims against GMC on the doctrine of vicarious liability, or *respondeat superior*. For the reasons set forth below, the court grants GMC's motion.

### I. Motion to dismiss plaintiff's section 1983, 1985 and 1986 claims.

Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir.1996), or where an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Fuller*, 86 F.3d at 1020. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez*, 55 F.3d 488, 494, n. 8 (10th Cir.1995) (citing *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984)). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Plaintiff asserts a section 1983 claim against defendant GMC. A private defendant may be liable under section 1983 when it acts "under color of state law," that is, when its conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). This can occur when a private defendant conspires with a state actor to deprive an individual of a federally protected right. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n. 6 (10th Cir.1990). A claimant seeking to hold a private defendant liable under this theory "must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983).

Defendant GMC moves to dismiss plaintiff's section 1983 claims because it believes she has failed to allege that GMC conspired with any state actor to deprive her of her rights. Plaintiff does not allege that GMC acted under color of state law, *See* § 1983, nor does she allege that GMC conspired with any state actor. The only basis for plaintiff's section 1983 claim is GMC's alleged respondeat superior relationship with Don Stein Buick, whom plaintiff alleges conspired with government authorities to deprive her of federal rights. GMC cannot be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior* alone. *See De-*

*Vargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 723 (10th Cir.1988) (citing *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982)). GMC's motion to dismiss plaintiff's 1983 claims is granted.

■ Plaintiff also asserts a claim against GMC under 42 U.S.C. § 1985. Section 1985 has three subsections. Section 1985(1) is not at issue here. Section 1985(2) provides a remedy when, *inter alia*, "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." *Wright v. No Skiter, Inc.*, 774 F.2d 422, 425 (10th Cir.1985). Section 1985(3) provides a remedy when the plaintiff can show "(1) the existence of a conspiracy (2) intended to deny [her] equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir.1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)). Both section 1985(3) and the relevant portion of section 1985(2) require a plaintiff to show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)).

■ Defendant GMC moves to dismiss the section 1985 claim because it believes plaintiff has failed to allege the requisite discriminatory animus. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir.1994) ("Without allegations of . . . racial discriminatory animus, the complaint fails to state a claim under § 1985."). Plaintiff's complaint does not indicate that GMC participated in any conspiracy, nor does plaintiff allege that GMC possessed any discriminatory animus. GMC's motion to dismiss plaintiff's section 1985 claim is granted. *See Wesley v. Don Stein Buick, Inc.*, 985 F.Supp. 1288, 1299 (D.Kan.

1997) (dismissing Isuzu from plaintiff's section 1985 claims in an identical situation).

■ Plaintiff asserts a section 1986 claim against GMC, as well. Section 1986 provides plaintiffs a remedy against those defendants who have knowledge of a section 1985 conspiracy, have the ability to aid in preventing the conspiracy, and who fail to exercise that ability. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1124 n. 5 (10th Cir.1994). Plaintiff does not allege that GMC knew of the alleged section 1985 conspiracy by employees of Don Stein Buick. GMC must have had actual knowledge of such a conspiracy to be found liable under section 1986. *See Hampton v. City of Chicago*, 484 F.2d 602, 610 (7th Cir.1973). Defendant's motion to dismiss plaintiff's section 1986 claim is granted.

## II. Motion for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Assen*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50). The relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52.

■ Plaintiff argues that GMC should be held vicariously liable for the alleged state law tort, Violence against Women Act and section 1981 violations of Don Stein Buick and its employees. GMC moves for summary judgment, claiming that plaintiff can demonstrate no genuine issue of material fact

concerting GMC's relationship with Don Stein Buick that would hold it responsible for Don Stein Buick's wrongful acts. Plaintiff asks the court to stay GMC's motion under Fed.R.Civ.P. 56(f) to allow her time to discover information concerning the relationship between GMC and Don Stein Buick.

The district court has discretion whether to grant a rule 56(f) motion. *See Jensen v. Redevelopment Agency,* 998 F.2d 1550, 1553–54 (10th Cir.1993). The rule is not "invoked by the mere assertion that discovery is incomplete or that facts necessary to oppose summary judgment are unavailable." *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 833 (10th Cir. 1986). To be granted such relief, a party must state with specificity how the additional time would enable it to obtain enough information to oppose the motion for summary judgment. *See Jensen,* at 1554.

Plaintiff has not identified what the information is that she is looking for or how that information would be useful to oppose defendant's motion for summary judgment with any specificity. In her response to GMC's motion for summary judgment, plaintiff lists possible sources from which she would like to obtain information. (Doc. 122). However, she fails to identify the specific facts she needs to discover, *see Jensen,* 998 F.2d at 1554–55, or exactly how the information would be relevant to the summary judgment motion. *See id.,* at 1554. Rule 56(f) was not intended to allow parties to fish for information. *See Lewis v. City of Ft. Collins,* 903 F.2d 752, 759 (10th Cir.1990). Plaintiff's request for additional time is denied.

Under Kansas law, a principal may be vicariously liable for the acts of another when the principal had the right to control the actions of the other. *See First National Bank of Denver v. Caro,* 211 Kan. 678, 681, 508 P.2d 516 (1973). Don Stein Buick is an automobile dealer that sells GMC vehicles. A distribution agreement between a manufacturer and a retailer alone is insufficient to impose vicarious liability. *See Hendrix v. Phillips Petroleum Co.* 203 Kan. 140, 155–56, 453 P.2d 486 (1969); *Professional Lens Plan, Inc. v. Polaris Leasing Corp.,* 238 Kan. 384, 387, 710 P.2d 1297 (1985). Plaintiff

points out provisions in the dealership agreement between GMC and Don Stein Buick that give GMC the right to review the sales performance of Don Stein Buick and impose upon Don Stein Buick the responsibility to maintain an adequate sales force. Plaintiff argues these provisions are evidence of control. (Doc. 122). The right to review a dealership's sales performance is different from the right to control how that dealership conducts its day to day operations. The affidavit of Jerry Kaplan, Don Stein Buick's President, states that GMC has never asserted direct control over any employee of Don Stein Buick. Further, GMC is not a party to the sale of automobiles to Don Stein Buick customers. Don Stein Buick purchases inventory from GMC and then independently sets its own retail prices. Absent a right to control the actions of Don Stein Buick, GMC cannot be held liable for the alleged wrongdoing of the Don Stein Buick staff. *See generally Arnson v. General Motors Corp.,* 377 F.Supp. 209, 213 (N.D.Ohio 1974) (finding that car manufacturer did not have sufficient control over dealership's sales operation to impose vicarious liability for dealership's actions). GMC's motion for summary judgment as to the remaining counts is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment or, alternatively, for dismissal of certain claims (Doc. 118) is granted.

**IT IS SO ORDERED.**